UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILBERT PIERRE,

    Plaintiff,

v.                                              Case No: 2:14-cv-412-FtM-38CM

CHARLOTTE COUNTY SHERIFF'S
OFFICE, BILL CAMERON, WILLIAM
PRUMELL, 20TH JUDICIAL
CIRCUIT COURT and STATE OF
FLORIDA,

    Defendants.
_____/

**ORDER[1]**

Plaintiff Wilbert Pierre, *pro se*, filed a Complaint against Defendants Charlotte County Sheriff's Office, Bill Cameron, William Prumell, 20th Judicial Circuit Court, and the State of Florida on July 25, 2014. (Doc. #1). Pierre did not timely file a notice of service on the docket. See Fed. R. Civ. P. 4(m). As a result, the Court issued an order to show cause on January 9, 2015 (Doc. #16) as to why this case should not be dismissed for failure to prosecute. The Court warned that failure to show good cause by January 30, 2015, would result in this matter being dismissed. To date, Plaintiff has failed to respond to the Court's Order to Show Cause. Accordingly, this matter is due to be dismissed for failure to prosecute. Link v. Washbash R. Co., 370 U.S. 626, 630-31 (1962) ("The

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); see also Krinsk v. SunTrust Bank, No. 8:09-cv-00909-T-27MA, 2014 WL 202032, at *5 (M.D. Fla. Jan. 17, 2014) (dismissing a claim with prejudice for lack of prosecution and for failure to comply with a court order).

Accordingly, it is now

**ORDERED:**

1. With no remaining claims, this case is **DISMISSED without prejudice**.
2. The Clerk is directed to **CLOSE** the file and enter judgment accordingly. The Clerk is further directed to mail a copy of this Order to Plaintiff.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record